

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2004

# Kovoor v. Sch Dist Phila

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1583

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kovoor v. Sch Dist Phila" (2004). *2004 Decisions*. Paper 976.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/976

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1583

THOMAS I. KOVOOR,
Appellant

v.

SCHOOL DISTRICT OF PHILADELPHIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 00-cv-05873
(Honorable Anita B. Brody)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2004
Before: SCIRICA, *Chief Judge*, ROTH and McKEE, *Circuit Judges*

(Filed    February 26, 2004)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

In this employment discrimination action, plaintiff Thomas Kovoor appeals a grant

of partial summary judgment in favor of defendant School District of Philadelphia. He

also requests a new trial alleging erroneous rulings by the district court at trial. We will affirm.

## I.

Kovoor began working for the school district as an Accounting Clerk in January 1985. Later that year, he became a Financial Management Trainee. Kovoor alleges that during this time his supervisor, Herbert Schectman, harassed him on a daily basis, making disparaging comments and referring to Kovoor and African-American employees as "sons of slaves." Nonetheless, Kovoor was promoted to an Auditor I position in November 1986. Schectman, however, allegedly refused Kovoor a routine promotion to an Auditor II position in November 1987. In December 1987 Kovoor requested and received a transfer to the Pre-Audit section, where he worked under the supervision of Bonnie Rosen. He received a promotion from Auditor I to Auditor II in March 1988. In January 1989 Kovoor transferred to the Office of Categorical Finance working under the supervision of William Kozlowski. Six months later Kovoor returned to his former position of Auditor II under Rosen's supervision.

Kovoor applied for an Auditor III position in 1989 but allegedly was not permitted to take the required written and oral examinations because he had not completed the requisite number of accounting credits. He then applied for positions in the Transportation Department in 1990, 1991 and 1992. Kovoor rated second in the examination all three times, but in each case the school district awarded the position to

the applicant who rated first. Kovoor again applied for a promotion in the transportation department in 1994 but was disqualified when he failed the written portion of the examination. Kozlowski allegedly called Kovoor "Swami" during the 1994 examination. Kovoor claims he never filed grievances for these promotion denials because he believed an objection would be futile.

In October 1995, the school district transferred Kovoor to the Categorical Finance Department under Kozlowski's supervision. Kovoor and Kozlowski played cards regularly during their lunch breaks, and Kozlowski allegedly referred to Kovoor as "Swami" and "Gunga Din"[1] during the card games. On July 1, 1996, Kovoor was laid off because of budget constraints. In November 1996 the school district rehired Kovoor in November 1996 in the position of School Operations Officer, a $12,000 pay cut from his previous position. In December 1999, the school district hired two other people for Budget Analyst II and III positions, but did not consider Kovoor for the positions. When Kovoor asked Kozlowski why he was not considered, Kozlowski allegedly told him it was because his "degree is from India." Kovoor continues to work for the school district.

On February 29, 2000, Kovoor filed a discrimination charge with the EEOC and on November 17, 2000 brought suit in federal court. Kovoor alleges the school district subjected him to a hostile work environment and denied him several promotions because

---

[1]"Gunga Din" is apparently the name of an Indian servant in a movie based on a Rudyard Kipling novel.

of his nationality in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et. seq. ("Title VII") and 42 U.S.C. § 1981 ("§1981"). The District Court granted the school district's motion for summary judgment on Kovoor's hostile environment claim, but denied summary judgment on the failure to promote claim. A jury rendered a defense verdict finding the school district did not discriminate against Kovoor on the basis of his national origin.

Kovoor brings three claims on appeal: (1) the court erred in granting the school district's motion for partial summary judgment on the hostile work environment claim; (2) the court erred in failing to charge the jury with a mixed-motive instruction; and (3) the court erroneously limited Kovoor's evidence to post-1998 conduct.

**II.**

We have appellate jurisdiction under U.S.C. § 1291. Our review of the District Court's summary judgment award on the hostile work environment claim is plenary. *Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 305 (3d Cir. 1999). We review jury instructions for abuse of discretion unless the instruction misstates the law, when our review is plenary. *Walden v. Georgia-Pacific Corp.,* 126 F.3d 506, 513 (3d Cir. 1997). We review rulings to exclude evidence for abuse of discretion. *Walden*, 126 F.3d at 517.

## III.

### A.

Kovoor contends the District Court erred in granting summary judgment to the school district on his hostile work environment claim. To establish a hostile work environment claim in violation of Title VII, a plaintiff must prove that:

> (1) he or she suffered intentional discrimination because of national origin; (2) the discrimination was "pervasive and regular;" (3) he or she was adversely affected by the discrimination; (4) the discrimination would adversely affect a reasonable person of the same national origin; and (5) that respondeat superior liability applies.

*Andrews v. City of Philadelphia,* 895 F.2d 1469, 1482 (3d Cir. 1990). Kovoor failed to satisfy the second prong, citing only one potentially discriminatory incident within the two-year statute of limitations period,[2] Kozlowski's alleged comment about an Indian degree.

Kovoor urges application of the continuing violation theory, which might permit consideration of events that occurred outside the statute of limitations period. *See West v. Philadelphia Elec. Co.,* 45 F.3d 744, 754 (3d Cir. 1995). To establish a claim under the continuing violation theory, a plaintiff must demonstrate: (1) at least one discriminatory

---

[2] Pennsylvania law applies a two year statute of limitations to personal injury claims, and federal courts generally use this limitations period from the relevant state law for claims under § 1981. *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 662 (1987); *Burgh v. Borough Council of Montrose,* 251 F.3d 465, 471 (3d Cir. 2001). A Title VII claim must be filed within 300 days of the alleged discrimination where there has been a cross-filing with a state agency under state law. *See* 42 U.S.C. § 2000e-5(e)(1); *Burgh,* 251 F.3d at 472.

5

act occurred within the filing period, and (2) the acts created a persistent, ongoing pattern. *West,* 45 F.3d at 754-55.

Kovoor's continuing violation claim fails because he did not demonstrate that the comment was a pattern of an ongoing pattern of behavior. There was a five-year time gap between the "Indian degree" comment and Kozlowski's previous alleged discriminatory comments. No other event demonstrated racial animus. We will affirm summary judgment on the hostile work environment claim in favor of the school district.

**B.**

Kovoor contends he should have received a mixed motive jury instruction. The District Judge gave only a pretext charge. App. 1279-85. Unlike a pretext charge, a mixed motive charge shifts the burden of production and risk of nonpersuasion to the defendant. The defendant must then show that the adverse employment decision would have been made in the absence of retaliatory animus. *Walden,* 126 F.3d at 512-13. Strong "direct" evidence is required to show that "an illegitimate criterion was a substantial factor in the decision." *Price Waterhouse v. Hopkins,* 490 U.S. 228, 276 (1989) (O'Connor, J., concurring).

The District Judge explained at the charge conference that a mixed motive charge was inapplicable because there was no direct evidence linking discrimination with the failure to promote. App. 1279-85. We agree. The school district required all applicants seeking a promotion to a teaching position to hold a Bachelor's degree from a United

States institution or an equivalent degree. The school district determined that Kovoor's degree from India was fifteen or sixteen credits short of an equivalent United States degree and for this reason refused to consider him for a promotion. Kovoor presents no evidence of retaliatory animus. Given this lack of evidence, the District Court properly refused to give a mixed motive jury instruction.

## C.

Kovoor contends the District Court improperly limited the evidence he was allowed to present at trial to post-1998 conduct but allowed defendant to use pre-1998 evidence in its rebuttal. Kovoor's brief is devoid of any reference to the record to support this claim.[3] Furthermore, the District Court allowed Kovoor to present considerable pre-1998 evidence at trial.[4] This claim is meritless.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3]On January 8, 2004, Kovoor submitted an motion to amend his brief to include instances where the District Court allegedly refused to allow Kovoor's pre-1998 evidence. Notwithstanding, he points to nothing in the record to support this claim.

[4]This includes testimony from Kovoor's supervisor Bonnie Rosen regarding the school district's failure to promote Kovoor in 1987; testimony by Kovoor regarding alleged discriminatory comments by Schectman in 1985-87 and Kozlowski in 1995-96, among other matters; and testimony of coworkers Levester Keitt, Mayer Krain and Tuyet Hoa Ost and supervisor Sheldon Jahss, all regarding events that took place before 1998.